**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| Douglas F. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50228 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Douglas F., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. For the reasons set forth below, the Court remands the Commissioner's decision.

## BACKGROUND

### A.     Procedural History

On January 4, 2022, Douglas F. ("Plaintiff") protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 30, 2021. R. 73. The Social Security Administration denied his application initially on August 2, 2022, and upon reconsideration on July 26, 2023. *Id.* Plaintiff filed a written request for a hearing and on February 5, 2024, a telephonic hearing was held by Administrative Law Judge ("ALJ") Kevin Vodak where Plaintiff appeared, testified, and was represented by counsel. *Id.* Tobey Andrew, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

### B.  The ALJ's Decision

In his ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2021, the alleged onset date. R. 75. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease, tendinitis, and bursitis of the left shoulder, status-post a rotator cuff repair and acromioplasty; degenerative joint disease and tendonitis of the right wrist; degenerative disc disease of the cervical spine; type II diabetes mellitus with peripheral neuropathy; coronary artery disease; and obesity, status-post a gastric bypass procedure. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. R. 76. At step three, the ALJ found that Plaintiff did not

have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1. R. 77.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work, with the ability to occasionally push or pull with his non-dominant left upper extremity; occasionally reach overhead with his left upper extremity; frequently reach in all other directions with his left upper extremity; frequently handle and finger with his right upper extremity; occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl. R. 78. At step four, the ALJ found that Plaintiff was capable of performing past relevant work generally performed as a membership solicitor and service manager, automotive services and the work did not require the performance of work-related activities precluded by Plaintiff's RFC. R. 82. Accordingly, the ALJ denied Plaintiff's claim at step four and ultimately found that Plaintiff was not disabled under the Social Security Act at any time since September 30, 2021, the alleged onset date. R. 83.

**STANDARD OF REVIEW**

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (citation modified) (quoting *Biestek*, 587 U.S. at 103). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."

*Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues that remand is warranted because the ALJ erred in several ways, including: (1) failing to fully account for Plaintiff's mental and physical limitations in his RFC assessment; (2) improperly evaluating the medical opinions; (3) failing to comply with SSR 82-62 in finding that Plaintiff could perform past relevant work; and (4) improperly assessing Plaintiff's subjective symptoms. The Court finds that the ALJ erred at step four of his analysis by failing to comply with SSR 82-62 in determining that Plaintiff could perform past relevant work. Accordingly, the Court remands the case for further proceedings consistent with this opinion.

At step four of the sequential analysis, an ALJ must determine whether a claimant can perform past relevant work given his RFC. If the claimant can perform past relevant work, the ALJ will find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). Under Social Security Ruling 82-62[1], a "decision as to whether the claimant retains the functional capacity to perform past work . . . must be developed and explained fully in the disability decision." SSR 82-62, 1982 WL 31386 (Jan 1, 1982) (rescinded). If an ALJ finds that a claimant can perform past relevant work, SSR 82-62 specifies that "the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."

*Id.* Finally, an ALJ "cannot describe a claimant's job in a generic way," but instead "must specify the duties involved in a prior job and assess the claimant's ability to perform the specific tasks." *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991).

Plaintiff contends that the ALJ's decision erred by failing to "consider the mental demands of his past relevant work in relation to his own mild findings in the Paragraph B Criteria." [11], p. 10. In this case, the ALJ identified Membership Solicitor and Service Manager, Automative Services as positions that qualified as past relevant work, noting that Plaintiff previously worked as a membership solicitor for the International Brotherhood of Teamsters and as a service manager, automotive services at Harvard Ford LLC. R. 82-83. The ALJ also provided the categorizations for each job under the Dictionary of Occupational Titles, stating that Membership Solicitor is "listed as light, semi-skilled work with a specific vocational preparation (SVP) of 4, actually

---

[1] The Court notes that SSR 82-62 in effect at the time of the ALJ's decision but was subsequently rescinded and replaced by SSR 24-2p, effective June 22, 2024.

performed at the medium level," and Service Manager, Automotive Services is "listed as light, skilled work with a SVP of 6, actually performed[2] at the medium level." *Id.*

However, the ALJ's decision did not provide any description of the mental demands or duties involved in Plaintiff's past work, as required by SSR 82-62. *Nolen*, 939 F.2d at 519 (finding that ALJ's decision failed to specify claimant's previous job duties or assess the claimant's ability to perform them); *see also Boyd v. Colvin*, No. 1:14 CV 01354-JMS-DML, 2015 WL 3960914 (S.D. Ind. June 30, 2015) (finding that the ALJ's decision failed to set forth specific requirements of claimant's prior work and reliance on DOT titles was insufficient under SSR 82-62) (citing *Nolen*, 939 F.2d at 518). Plaintiff and the vocational expert briefly testified about the duties of the two prior jobs. R. 149-50, 172-74. However, that testimony included nothing about the mental demands of the past work and the ALJ's order included no fact finding or analysis about the mental demands or duties of Plaintiff's past work as it related to Plaintiff's RFC. Accordingly, the Court finds that the ALJ failed to provide findings of fact as to the mental demands of Plaintiff's past work as required by SSR 82-62, and that remand is therefore required.

Because the Court remands the ALJ's decision for failing to comply with SSR 82-62 in finding that Plaintiff could perform past relevant work, the Court need not address Plaintiff's additional arguments. In omitting other issues raised by Plaintiff in this opinion, the Court is not opining that other portions of the ALJ's decision were without error. Accordingly, on remand, the Commissioner should take care that Plaintiff's mental limitations are accounted for in the RFC. To the extent the Commissioner finds that there are no functional limitations associated with Plaintiff's mental limitations, the decision should so specify accordingly or otherwise address any limitations in the RFC. Plaintiff should raise all arguments regarding any other alleged errors by the ALJ on remand.

## CONCLUSION

For the foregoing reasons, the Court remands the Commissioner's decision.

Date: 06/04/2026                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

---

[2] During the hearing, the VE noted that Membership Solicitor and Service Manager were generally performed in the national economy at the light level, but that Plaintiff had performed this work at the medium level. R. 174